C. James **LOMBARDI**, Jr., Plaintiff,

v.

Daniel **ZIMANY** and the **Prudential Insurance Company of America**, Defendants.

Civ. A. No. 183–66.

United States District Court
D. New Jersey.

Jan. 30, 1967.

C. James Lombardi, Jr., pro se.

Stryker, Tams & Dill, by James T. Clare, Newark, N. J., for defendants.

## OPINION

WORTENDYKE, District Judge:

In a holographic verified complaint, captioned as an application for a Writ of Mandamus, plaintiff seeks to invoke the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1332, and 1343. Plaintiff alleges that the defendants, Daniel Zimany and The Prudential Insurance Company of America, agent and principal respectively, conspired to violate the plaintiff's civil rights, and those rights protected by the Constitution of the United States. As part of this conspiracy, plaintiff further alleges that the defendants have wilfully prevented his (plaintiff's) withdrawal of the cash surrender value of certain life insurance policies issued upon plaintiff's life. Plaintiff further alleges that he seeks the relief sought here in order to obtain funds for the purpose of financing appeals from plaintiff's felony convictions in a Court of the State of New York.

Plaintiff also alleges that such cash surrender value is in the sum of $3,361.52. Plaintiff requests this Court to direct defendants to cancel said life insurance policies " * * * as of September 1, 1965 * * * " and to pay over to the plaintiff their cash surrender value for his use in prosecuting an appeal or appeals from his New York felony convictions. The present action is at issue upon the Complaint and Answer. In his affidavit, sworn to January 24, 1966 and attached to the complaint, plaintiff states in part that the jurisdiction of this Court is based upon 28 U.S.C. § 1332 (diversity of citizenship) and that the amount in controversy is over $10,000, exclusive of interests and costs. In the same affidavit, he discloses that he is a citizen of the State of New York, having his present address at Attica State Prison in Attica, New York, and that the defendants are citizens of New Jersey. Also annexed to the complaint are what purport to be copies of correspondence between plaintiff and representatives of the defendant insurer from which it appears that the aggregate cash surrender value, as of September 16, 1965, of three of the insurance policies upon the plaintiff's life amounted to $3,361.52. It further appears in his letter to the defendant insurer, dated October 22, 1965, that plaintiff is a convicted felon serving a life sentence in a State Prison of New York, and that upon this disclosure the defendant insurer advised him that, in view of the provisions of Section 511 of the New York Penal Law, McKinney's Consol. Laws, c. 40, which provides that a person sentenced to imprisonment for life is thereafter deemed civilly dead, the plaintiff was without right in his individual capacity to commence or prosecute an action against the defendant insurer. Plaintiff was also advised by defendant insurer that his conviction did not work a forfeiture of any of his property by reason of Section 512 of the same statute, and that defendant insurer was not forfeiting any of the insurance policies upon which the plaintiff sought to recover the cash surrender value. The defendant insurer stated that, in view of plaintiff's admitted status as a life prisoner, defendant insurer would not consider making any payments to him unless and until a committee had been appointed in plaintiff's behalf as provided in Article 13, Sec. 320 et seq. of the New York Correction Law, McKinney's Consol.Laws, c. 43. The same letter, which was written by the co-defendant Zimany, assistant counsel in the Law Department of defendant insurer, stated that the insurance policies in question remained in force, and that plaintiff's wife, a beneficiary of one or more of the policies, had been paying the premiums thereon.

In their Answer, the defendants admitted the alleged relationship between them, that correspondence had passed between the defendants and the plaintiff and that in September 1965 plaintiff had written to an agent of defendant insurer requesting cancellation of the policies referred to and remittance of the cash surrender value thereof to the plaintiff. The Answer also affirmatively pleads (1) that this Court lacks jurisdiction of the subject matter of this controversy because the amount involved is less than $10,000 (2) that the complaint fails to state a cause of action upon which relief can be granted, and (3) that, as a convicted felon serving a sentence of life imprisonment, plaintiff is, by reason of the provisions of Section 511 of the New York Penal Law, civilly dead and therefore lacks standing to prosecute this action.

Annexed to the defendants' notice of motion to dismiss the complaint is a partial transcript of proceedings on Indictment No. 3056–64 in the Supreme Court of the State of New York, in the cause of People ex rel. Lombardi v. Mancusi, 277 N.Y.S.2d 127, upon a twelve-count indictment charging plaintiff with kidnapping, first degree rape, and second degree assault with intent to commit rape. Plaintiff was convicted on offenses charged in counts 1, 5, 8, 2, 4, 7, 10 and 12 of the indictment, and concurrent sentences of imprisonment were imposed upon him extending from 20 years to life. Plaintiff

has not appealed from these convictions and is presently serving these sentences.

In support of their motion to dismiss the complaint in this cause, the defendants make two contentions: (1) that the plaintiff is without standing to maintain this action by virtue of the life imprisonment sentence imposed upon him by the Supreme Court of the State of New York, for the reason that he was rendered civilly dead by the provisions of Section 511 of the New York Penal Law, 39 McKinney's Consol.Laws, Sec. 511; and (2) that this Court is without jurisdiction of the subject matter of this action because it neither involves a Federal question nor an amount in value in excess of $10,000 exclusive of interest and costs.

Assuming diversity of citizenship between the plaintiff on the one hand and the defendants on the other, the amount involved ($3,361.52), according to the plaintiff's own statement, is less than the minimum amount required to support diversity jurisdiction. 28 U.S.C. § 1332(a). The provisions of 28 U.S.C. § 1331, upon which the plaintiff would also rely to support jurisdiction, are equally ineffective to that end by reason of the conceded non-involvement of the jurisdictional minimum required by that section. See Yoder v. Assiniboine and Sioux Tribes of Fort Peck Ind. Res., 339 F.2d 360 (9 Cir. 1964) reh. denied January 13, 1965. Plaintiff's pleaded jurisdictional reference to 28 U.S.C. § 1343 (Civil rights and elective franchise) does not serve to confer jurisdiction upon this Court. Plaintiff has neither pleaded the requisite jurisdictional amount nor shown or alleged a violation of this statute. See Giancana v. Johnson, 335 F.2d 366 (7 Cir. 1964) cert. denied 379 U.S. 1001, 85 S.Ct. 718, 13 L.Ed.2d 702 (1965). Nowhere in the complaint, or in the numerous exhibits and other documents which the plaintiff has filed with the Clerk in support thereof, is there any factual allegation which could bring the cause of action, attempted to be set forth in the complaint, within the scope of the provisions of 28 U.S.C. § 1343.

The complaint, being insufficient on its face to withstand the attack mounted by the pending motion, should be stricken and, for lack of jurisdiction, the action should be dismissed. Kamsler v. M. F. I. Corporation, 359 F.2d 752 (7 Cir. 1966); Spampinato v. M. Breger & Co., 270 F.2d 46 (2 Cir. 1959). As Modified July 7, 1959, cert. denied 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363 (1960).

Accordingly, the motion of the defendants to dismiss the complaint is granted. An Order may be presented in accordance with the views herein expressed.