**PINCKARD VAULT & MARBLE WORKS, Plaintiff,**

v.

**KING LIFTS, INC., Defendant.**

**No. Civ.A. 99–D–371–N.**

United States District Court, M.D. Alabama, Northern Division.

April 20, 1999.

J. Fairley McDonald, III, Montgomery, AL, for plaintiff.

Randall C. Morgan, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court, sua sponte, is the issue of subject matter jurisdiction. Based upon the relevant law and the reasons set forth below, the court finds that it lacks subject matter jurisdiction over this action and, therefore, that this case is due to be remanded.

### FACTUAL BACKGROUND

On March 10, 1999, Plaintiff filed a one-count breach of contract Complaint against Defendant in the Circuit Court of Pike County, Alabama in connection with Plaintiff's purchase from Defendant of a crane to be mounted on one of Plaintiff's trucks. (Compl. at 1–3.) In its prayer for relief, Plaintiff "demands judgment against [Defendant] KING LIFTS, INC., in such amount as may be justified by the evidence up to, but not exceeding $74,000, plus prejudgment interest and the costs of this action." (*Id.* at 4.)

On April 13, 1999, Defendant filed a Notice Of Removal in which it removed the case to this court based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1). (Removal Not. ¶ 5.) In said Notice of Removal, Defendant contends that "the amount in controversy of $75,-000.00 is satisfied" because "Plaintiff's Complaint demands judgment 'up to, but not exceeding, $74,000.00, *plus prejudgment interest*' in damages." (*Id.* ¶ 4 (emphasis in the original).) Specifically, Defendant argues that Plaintiff's demand for prejudgment interest may be added to Plaintiff's specific damages demand of $74,000, thereby creating an aggregate amount in excess of $75,000 in satisfaction of the requisite amount in controversy. The court will now address Defendant's argument.

## DISCUSSION

■ Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, *exclusive of interest and costs,* exceeds $75,-000.00. *See* 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state court to federal court. *Id.*

■ It is well-settled that the defendant, as the party removing an action to federal court, has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.,* 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (DeMent, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer,* 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)); *see also Shamrock Oil,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Diaz,* 85 F.3d at 1505; *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983); *Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala.1992).

■ The Eleventh Circuit has held that, where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in state court, a defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount. *See Burns,* 31 F.3d at 1095; *see also St.*

*Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (holding that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). "This heavy burden reflects the notion that plaintiff has the right to choose his own forum, for 'plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.'" *Seroyer,* 991 F.Supp. at 1312 (citing 14A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3702). "If (plaintiff) does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury,* 303 U.S. at 294, 58 S.Ct. 586.

■ In the instant case, despite the clear language of 28 U.S.C. § 1332(a), Defendant incorrectly contends that prejudgment interest may be added to the amount of damages to reach the requisite amount in controversy. On the contrary, as already stated herein, the statute specifically excludes any interest and costs from the amount in controversy calculation, as follows:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds that sum or value of $75,000, *exclusive of interest and costs,* and is between—citizens of different States.

28 U.S.C. § 1332(a)(1) (emphasis added). Furthermore, the court, recognizing that Plaintiff's $74,000 damages demand is less than the requisite jurisdictional amount in controversy, notes that Defendant has offered no evidence tending to prove to a "legal certainty" that Plaintiff's claim will

not yield a recovery less than said jurisdictional amount.

Based on the foregoing, the court finds that this case is due to be remanded. In so finding, the court emphasizes that, while it does not call into question the integrity of Plaintiff's damages demand, should Plaintiff disregard said demand and pursue or accept damages in excess of $75,-000, then upon application to the court by opposing counsel, an investigation into the representations of Plaintiff's counsel to this court will be swift in coming. Further, the court forewarns Plaintiff that sanctions, should they be deemed appropriate, will be painful upon arrival.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that this action be and the same is hereby REMANDED to the Circuit Court of Pike County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.