**Jack ELLIS, et al., Plaintiffs,**

v.

**HUTTIG BLDG. PRODS., INC., Defendant.**

**No. CIV. A. 01–D–449–S.**

United States District Court, M.D. Alabama, Southern Division.

April 23, 2001.

Richard F. Horsley, Gozee, King & Horsley, Birmingham, AL for Plaintiffs.

Huttig Building Products, Inc., pro se

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiffs' Complaint, which was filed April 12, 2001. After careful review of Plaintiffs' Complaint and the relevant law, the court finds that the Complaint is due to be dismissed without prejudice.

## I. DISCUSSION

■ Federal courts are tribunals of limited, specific jurisdiction. A federal court has not only the authority, but the duty to question whether it has jurisdiction over the cases brought before it. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir.2000) (courts "must inquire sua sponte into the issue whenever it appears that jurisdiction may be lacking.")

■ Article III of the Constitution vests Congress with the power to control the jurisdiction of lower federal courts. *See* U.S. Const. art III § 1. Congress has granted district courts jurisdiction only over cases raising a federal question in a well-pleaded complaint, or cases involving completely diverse parties with the amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331, 1332. The diversity statute is to be strictly construed, given the federalism concerns raised by federal courts passing on matters of state law. *See Engelhardt v. Paul Revere Life Ins. Co.*, 77 F.Supp.2d 1226, 1232 (M.D.Ala. 1999); *Pinckard Vault & Marble Works v. King Lifts, Inc.*, 53 F.Supp.2d 1263, 1265 (M.D.Ala.1999); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997).

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires "a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." Fed. R. Civ. P. 8(a)(1). Thus, the court determines whether it has jurisdiction by turning to Plaintiff's Complaint.

The Complaint has no allegation of subject matter jurisdiction at all. It states on page one that Plaintiff Ellis is a Georgia resident, Plaintiff Greir is an Alabama resident, and Defendant "is a foreign corporation doing business in the state of Alabama." The Complaint, however, does not expressly invoke jurisdiction under 28 U.S.C. § 1332. Rather, Plaintiffs recite a narrative account of various incidents that transpired in May and June 2000. Defendant allegedly breached some type of employment arrangement with Plaintiffs. They plead two counts of common law fraud, a claim of negligence, and a claim of breach of contract.

Plaintiffs list a non-numbered section labeled "damages," but this section does not request any specific dollar amount of relief. It merely states that Plaintiffs suffered "economic loss, loss of enjoyment, mental anguish and emotional distress, humiliation and embarrassment, economic hardship, tarnished employment records, and permanent damages." (Compl. at 2–3.)

■ Commentators have noted that courts have discretion to grant leave to amend a deficient complaint. According to Professor Wright and Professor Miller:

> If the allegations of the complaint clearly show the requisite jurisdictional amount to be in controversy even though no express allegation of jurisdictional amount is made, dismissal of the complaint for failure to allege subject matter jurisdiction deficiency would be unwarranted inasmuch as amendment to correct the deficiency can be made easily and expeditiously.

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1213 at 131 (2d ed.1990); *see also* FED. R. CIV. P. 15(a).

■ Thus, it does not follow that leave must be granted in every circumstance. In almost every reported case, courts have granted leave when it plainly appeared that the court had jurisdiction over the action. Not so here; Plaintiffs raise no federal question, and the value of the relief sought is unknown. Plaintiffs do not have a common, undivided interest in the value of their employment contracts, and there is no basis to assume that each Plaintiff will recover more than $75,000. From the face of things, every indication is that this case belongs in state court.

■ The requirements of the jurisdictional statutes are not procedural niceties. They reflect the careful judgment of Congress, and courts have no authority to disregard such legislation out of some vague notion of expediency or fairness. In *Giancana v. Johnson*, 335 F.2d 366 (7th Cir.1964), the Seventh Circuit dismissed a case when the Plaintiff sought an injunction and alleged nothing more valuable than a violation of his "priceless rights" of privacy, personal liberty, and freedom. The court persuasively stated as follows:

> Courts may not treat as a mere technicality the jurisdictional amount essential to the 'federal question' jurisdiction, even in this case where there is an allegedly unwarranted invasion of plaintiff's privacy. The showing of that essential is not a mere matter of form, but is a necessary element. Congress in § 1331 expressed the 'federal question' jurisdiction in plain words. The district courts and suitors are bound by the words expressed. Congress could have withheld the jurisdiction entirely, as it did from 1789 to 1875. Or it could have given jurisdiction over suits arising 'under the Constitution, laws, or treaties of the United States' simply. But it limited the jurisdiction by including the element of the sum or value of the matter in controversy, and the Congressional will is that unless that sum or value is shown there is no 'federal question' presented and no jurisdiction. Neither may a party invoke the district court's jurisdiction by treating that element as though not essential; nor choose not to amend his complaint or otherwise show, as plaintiff did here, that the jurisdictional sum or value is in controversy, thus opposing his will to the Congressional will.

*Id.* at 368; *see also Lombardi v. Zimany*, 263 F.Supp. 111, 113 (D.N.J.1967) (dismissing complaint because plaintiff has "has neither pleaded the requisite jurisdictional amount nor shown or alleged a violation of this statute.")

The court notes that Plaintiffs are represented by able counsel in Birmingham. The court further notes that the incidents complained of allegedly took place in May and June 2000. Thus, Plaintiffs' Complaint is well within the statute of limitations, and they will suffer no prejudice from dismissal of this case. The court finds that Plaintiffs have not met their burden of establishing federal jurisdiction. Dismissal, therefore, is in order. *See Pinckard*, 53 F.Supp.2d 1263 (remanding case *sua sponte* because of lack of jurisdiction).

## II. ORDER

It is CONSIDERED and ORDERED that this case be and the same is hereby DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to close this case.