Otis Curtis **BISHOP** & Ricky
Lee, Jarrett, **Plaintiffs,**

v.

The **ALABAMA DEPARTMENT OF
ENVIRONMENTAL MANAGE-
MENT, et al., Defendants.**

No. Civ.A. 00–A–810–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 17, 2000.

G. Keith Clark, Clark & Nelms, Montgomery, AL, for Otis Kurtis Bishop, plaintiff.

Harry A. Lyles, Alabama Department of Environmental Management, Montgomery, AL, for The Alabama Department of Environmental Management, defendant.

Robert E. Sasser, Rebecca W. Pritchett, Thomas R. Head, III, Charlanna W. Spencer, Sirote & Permutt, P.C., Montgomery, AL, for The Water Works & Sanitary Sewer Board of the City of Montgomery, Alabama, defendant.

## *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Remand filed by the Plaintiffs, Otis Kurtis Bishop and Ricky Lee Jarrett ("the Plaintiffs") on June 28, 2000.

The Plaintiffs originally filed a Petition for Certiorari and Complaint for Declaratory Judgment in the Circuit Court for Montgomery, Alabama. The Water Works & Sanitary Sewer Board of the City of Montgomery ("the Board") filed a Notice of Removal on June 21, 2000, stating that this court had federal question and supplemental jurisdiction over the Plaintiffs' claims. The Alabama Department of Environmental Management ("ADEM"), James Warr, and Charles Horn filed a Joinder in the Notice of Removal on June 21, 2000.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

### II. *FACTS*

In this suit, originally filed in the Circuit Court of Montgomery County, Alabama, the Plaintiffs bring a Petition for Certiorari and a Complaint for Declaratory Judgment ("the Petition") against ADEM, the Director of ADEM, the Chief of the Water Division of ADEM, and the Board.

The Plaintiffs allege that a waste water treatment plant had discharged pollution into Miller Creek, impacting the Plaintiffs' recreational pursuits and environmental interests. The Plaintiffs allege that the Board took ownership and control of the plant, and the Board requested that ADEM issue an administrative consent order to the Board for violations that were occurring. The Plaintiffs say that the order which was issued by ADEM required the Board to submit an application for a new discharge permit, and also excused compliance with the effluent limitations in the future permit for three years. Petition at ¶ 11. The Plaintiffs state that when a draft of the new permit was presented for public access, neither the permit rationale nor the draft permit referenced the terms of the consent order. *Id.* at ¶ 14.

The Plaintiffs contend that by failing to publicly notice the terms of the proposed permit, ADEM violated ADEM Administrative Code Rules. The Plaintiffs ask that the permit be declared void, and that the rule or standard ADEM adopted which allowed the permit to be issued without putting the terms of the consent order on public notice also be declared void.

### III. *REMAND STANDARD*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokko-*

*nen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

## IV. *DISCUSSION*

■ Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied,* 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997). In this case, the Defendants argue that removal was proper because the court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). There are, however, exceptions to this well-pleaded complaint rule. One exception to the well-pleaded complaint rule is that a plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." *Franchise Tax Board v. Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citations omitted).

. In *Franchise Tax Board,* the Supreme Court stated that although a plaintiff's cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13, 103 S.Ct. 2841. In other words, "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.*

■ One basis for jurisdiction asserted by the Board is that the Plaintiffs have brought a claim under the Fourteenth Amendment to the United States Constitution. The Plaintiffs state in response that they do not bring such a claim in their Petition, and that even if the allegations of their Petition could support a federal due process claim, they have chosen not to plead such a claim and this court must respect that choice. The court agrees. On the face of the Petition, there is no claim asserted under the Fourteenth Amendment to the United States Constitution. Simply because the Plaintiffs could have asserted a federal claim, but chose not to, does .not give this court federal question jurisdiction, as long as federal law is not essential to the state law claim which is advanced. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

■ The other basis for jurisdiction asserted by the Board is that the Plaintiffs' claims necessarily require an application of federal law. The Plaintiffs dispute that any interpretation of federal law is required to resolve their state law claims. They state that they are "questioning whether ADEM followed its own state procedures which were duly adopted according to state law." Plaintiffs' Motion to Remand, page 3. The Plaintiffs cite this court to authority for the proposition that federal jurisdiction does not lie where only a state-issued permit is at issue. The Plaintiffs point out that this court has previously determined that it lacked federal question jurisdiction over a complaint which presented a challenge only under state law to the issuance of a NPDES permit under the State's procedures. *See Peters v. The Harper Group,* Civ. Action 00–A–88–S (M.D.Ala. March 10, 2000). The Plaintiffs also cite this court to authority for the proposition that federal law

does not govern if the federal statute which may be relevant to the state law claims advanced does not provide a private cause of action.

The Board agrees with both of the propositions relied on by the Plaintiffs. The Board concedes that if the Plaintiffs were challenging only the issuance of a single permit, this court would lack federal question jurisdiction. The Board argues, however, that neither proposition relied on by the Plaintiffs applies in this case. According to the Board, "Plaintiffs challenge both the NPDES [National Pollutant Discharge Elimination System] permit issued by the Board and, of importance for federal jurisdiction, the permitting process pursuant to which the permit was issued." Opposition to Plaintiff's Motion to Remand, page 3. The Board states that in addition to their claim based on the issuance of the permit, the Plaintiffs also ask the court to determine that ADEM's procedures for administering the NPDES permitting program are flawed and deprive the public of proper notice. In support of their argument, the Board cites the court to two paragraphs of the Plaintiffs' Petition. In paragraphs 16 and 21 the Plaintiffs allege as follows:

16. By knowingly putting a draft permit on notice that contained false, misleading or erroneous terms, ADEM corrupted the entire permitting process.

21. ADEM has adopted an exception to ADEM Administrative Code Rule 335–6–621(4). Said exception allows ADEM to put terms of draft permits on public notice that have been waived or overridden by separate administrative action without specifying the same in the permit's public notice. ADEM has applied this exception to permits for both industrial and municipal facilities which are located in different parts of the State and are in different waterways; therefore, this exception is one of general applicability which directly contravenes

duly adopted regulations and which inherently misleads and harms the public.

The Plaintiffs do not deny that they have challenged both a specific permit and a specific ADEM rule. The Plaintiffs insist, however, that their allegations do not state as broad a claim as the Board has argued is stated. The Plaintiffs state that in paragraphs 16 and 21, as set out above, the reference to the permitting process is with regard to the single permit which has been issued, not the entire permitting program. The Plaintiffs point out that in paragraphs 17 and 18 they state that ADEM provided "misleading and erroneous notice of the terms of the proposed permit," and that ADEM "caused the permit proceeding to be irregular."

Upon careful review of the Petition, the court concludes that the Plaintiffs' claims are as follows: claim one is a challenge to a specific permit; claim two is a challenge to a particular rule based on two subclaims, namely, that ADEM's rule allowing for notice without inclusion of a separate administrative action violated ADEM's rules and that ADEM's rule was adopted without proper notice and comment in violation of the Alabama APA.

As stated above, the Board does not contend that the first claim, based on the NPDES permit, gives this court subject matter jurisdiction. In addition, the second of the two permit process claims, that is, that ADEM acted in violation of the Alabama APA, has not been argued by the Board to give this court federal jurisdiction. Since this claim is based solely on the Alabama APA, and there is no basis for concluding that the claim would involve any interpretation of federal law, the court finds no basis for jurisdiction in that claim. The question before the court, therefore, is whether the Plaintiffs' claim that ADEM's adoption of a general rule was in conflict with its own rules, although pleaded as a claim arising solely under state law, is actually a federal claim because it requires application of the FWPCA.[1]

---

1. There does not appear to be any binding precedent on this issue. Another judge of this

The Board argues that a challenge to a state's permitting process is governed by the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1251 et seq. so that the Plaintiffs' challenge to ADEM's procedural rule is governed by the FWPCA. Under 33 U.S.C. § 1342(c), once a state submits a program for permit issuance, the state program, rather than the federal program, governs the issuance of permits in the state. The statute also provides, however, that "[w]henever the Administrator determines after public hearing that a State is not administering a program approved under this section in accordance with the requirements of this section, he shall so notify the State and, if appropriate corrective action is not taken within a reasonable time, not to exceed ninety days, the Administrator shall withdraw approval of such program." As the Board points out, this court has previously stated that in order to issue NPDES permits, a state must have adequate notice and enforcement mechanisms, and if these mechanisms are not enforced or if permits are issued in violation of FWPCA, a plaintiff can request review of the State program by the Administrator of the EPA. *See Legal Envt'l Assistance Foundation, Inc. v. Pegues,* 717 F.Supp. 784, 789 (M.D.Ala.1989), *aff'd,* 904 F.2d 640 (11th Cir.1990).

The Board contends that in order to grant the Plaintiffs the relief they seek, the court must construe the FWPCA because the power to review a state permitting program has been vested by Congress in the EPA Administrator. The Board points out that there is a statutory mechanism for bringing such a claim. Subsection 1365(a)(2) allows citizens to commence civil actions in federal district court against the Administrator where there is an alleged failure to perform any act or duty under the chapter which is not discretionary with the Administrator. 33 U.S.C. § 1365(a)(2). Also, an interested person may seek judicial review of a determination by the Administrator under § 1369(b)(1)(D).

The Board argues that the Plaintiffs have chosen the wrong forum in which to assert their grievance. The Board has argued, "Since federal law provides the sole remedy and basis for challenge of a permitting program, this action raises questions of federal law and concern and will necessarily require the construction of federal law indicated by Plaintiff's alleged causes of action." Opposition to Motion to Remand, page 6.

 The Plaintiffs interpret the Board's argument to be an argument based on the concept of complete pre-emption. Under the doctrine of complete pre-emption, where a removal petition demonstrates that the plaintiff's claims, although couched in the language of state law claims, are federal claims in substance, the preemptive force of federal law provides the basis for removal jurisdiction. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). This exception is recognized in the rare instance that Congress so "completely pre-empts a particular area that any civil complaint ... is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 95

court addressed a jurisdictional question involving a FWPCA case originally filed in federal court in *Legal Environmental Assistance Foundation, Inc. v. Pegues,* 717 F.Supp. 784 (M.D.Ala.1989). While the court found that it lacked jurisdiction and the Eleventh Circuit affirmed the district court on appeal, in its analysis, the Eleventh Circuit stated, without explanation, "All parties now concede, correctly, that the district court did indeed have jurisdiction of LEAF's complaint...." *Legal Environmental Assistance Foundation, Inc. v.*

*Pegues,* 904 F.2d at 642. In that case, however, the case was originally filed in federal court and the plaintiffs sought to enjoin the state agency from issuing a NPDES permit with an effluent limitation which was less stringent than that required by federal law. *Pegues,* 717 F.Supp. at 786. Accordingly, this court does not find that the district court's opinion in *Pegues* provides much guidance in this case, nor does the Eleventh Circuit's statement that the court had jurisdiction bind this court in this factually-distinct case.

L.Ed.2d 55 (1987). Although the Board has not explicitly used the term "complete preemption," the Board's argument is that the Plaintiffs may not pursue a remedy under state law because the remedy they seek is only provided for under federal law, which is essentially a complete pre-emption argument.

Whether or not the Plaintiffs have a remedy under federal law, the court finds no authority in the FWPCA for the proposition that the Plaintiffs must seek to have the entire permitting program reviewed by the Administrator of the EPA. There is no authority, either in the language of the FWPCA or in any case law, of which this court is aware, for applying the doctrine of complete pre-emption in this case. To the contrary, there are cases in other jurisdictions which have determined that complete preemption does not apply to analogous statutes. *See Portage County Bd. of Commissioners v. City of Akron,* 12 F.Supp.2d 693 (N.D.Ohio 1998) (no complete preemption under the Clean Water Act); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir.1989) (no complete preemption under the Clean Air Act).

In addition, the Plaintiffs have made it clear that they do not seek in their Petition to have the permitting program reviewed. They instead want to have a specific rule adopted by ADEM declared void because it violates ADEM's own procedures. The mere fact that they could have pursued the alternate remedy of having the state's authority to issue permits revoked by the Administrator of the EPA does not mean that their state law claims are federal claims. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In addition, the argument that the Plaintiffs have no state law claim because federal law provides a claim, in the absence of complete pre-emption, is a defensive mechanism that does not provide a basis for jurisdiction in this court, and is an issue which can be resolved by the state court. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Similarly, whether or not the Plaintiffs have adequately stated a claim for relief under Alabama law is also a question for the state courts.

The court notes that in the Notice of Removal, the Board mentioned that the violation of state law upon which the Plaintiffs have based their claims necessitates an interpretation of federal law. That argument, however, has not been pursued by the Board in its opposition to the Motion to Remand.

The court is aware of a decision from another jurisdiction in which the court determined that the plaintiff's state law claims rested on a determination that federal law had been violated and, therefore, stated a federal question. *See Ohio Valley Environmental Coalition v. Miano,* 66 F.Supp.2d 805 (S.D.W.V.1998). In *Miano,* the plaintiffs brought state law claims seeking the removal of a director of the West Virginia Division of Environmental Protection. As a basis for their state law claim, the plaintiffs argued that the director had violated a provision of federal law which had been incorporated into state law. The court reasoned that because the plaintiff's complaint required a construction of a federal regulation and the Clean Water Act, the claim arose under federal law and was removable. *Id.* at 809. In subsequently ruling on a motion to dismiss, the court went on to explain that certain counts of the plaintiff's complaint were state constitutional claims which contained, as an element, a violation of a federal regulation. *Id.* at 810. The court explained that the defendant did not contend that the court had jurisdiction over those claims. *Id.* The court held that since it had dismissed the only claim over which it had jurisdiction, it would remand the remaining state law claims. *Id.* Under *Miano,* the jurisdictional question turns on whether the Plaintiffs' claim is actually a claim based on violation of federal law, or whether the Plaintiffs' state law claim

merely relies on federal law to establish an element of the state law claim.

In this case, the Board has not cited this court to any federal regulations which the Board alleges would have to be interpreted to determine whether ADEM's regulations were violated when ADEM posted notice without disclosing the separate consent order. The Plaintiffs have represented to the court that "[c]ontrary to the Board's assertions, the question of whether ADEM followed its own procedures can be determined without ever knowing what the federal guidelines are." Motion to Remand, page 3. The Plaintiffs also state that they are not questioning whether ADEM's procedures meet minimum federal standards, they are questioning whether ADEM followed its own state procedures which were duly adopted according to state law. *Id.* The Plaintiffs, therefore, clearly do not feel that federal law is relevant in deciding their claims. It is the burden of the removing party to establish that jurisdiction is proper in this court. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied,* 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997). The Board has not discharged this burden. In addition, without any citation by the Board to any federal regulations which they contend would apply, even if federal regulations do have some applicability, the court cannot determine whether this is a situation in which federal law forms the basis of the claim, or whether this is a situation in which federal law is merely an element of the claim. *See Miano,* 66 F.Supp.2d at 809. Accordingly, given the Eleventh Circuit's strong policy of favoring remand where there is an doubt as to the existence of federal jurisdiction, *see Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994), the court concludes that the Motion to Remand is due to be GRANTED.

### V. *CONCLUSION*

For the reasons discussed above, the court concludes that the Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

### *ORDER*

In accordance with the Memorandum Opinion entered on this day, it is ORDERED as follows:

(1) The Plaintiffs' Motion to Remand (Doc. # 6) is GRANTED and this cause is hereby REMANDED to the Circuit Court of Montgomery County, Alabama.

(2) The clerk is DIRECTED to take all steps necessary to effect this remand.

(3) The Plaintiffs' request for attorneys' fees is DENIED.

(4) The Plaintiffs' Motion to Stay is DENIED as moot.

(5) The Defendants' request for oral argument is DENIED.

(6) The Motion to Consolidate is DENIED as moot.

(7) The two pending Motions to Dismiss are left for disposition by the state court.