United States Court of Appeals,

Eleventh Circuit.

No. 94-3308.

Enrique DIAZ, Plaintiff-Appellant,

v.

William J. SHEPPARD, Defendant-Appellee.

June 25, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-756-Civ-J-20), Harvey E. Schlesinger, Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and LOGAN[*], Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This appeal is about a lawyer's professional responsibility and about federal jurisdiction. Plaintiff Enrique Diaz, a Florida prisoner, appeals the district court's denial of his motion for remand to state court and dismissal of his case for failure to state a claim. Because the federal court lacked jurisdiction to hear this case, we reverse and remand with instructions to the district court to remand this case to state court.

*Background*

For the facts we look to the complaint's allegations. Diaz was a member of the class in a class action suit filed by inmates of the Florida Department of Corrections ("DOC") in the United States District Court for the Middle District of Florida challenging the DOC's physical and mental health care delivery system. The case was known as *Celestineo and Costello v.*

[*]Honorable James K. Logan, Senior U.S. Circuit Judge for the Tenth Circuit, sitting by designation.

*Singletary,* 147 F.R.D. 258 (M.D.Fla.1993) ("*Costello* "). The class was represented by Defendant William Sheppard.[1]

In 1984, the *Costello* court ordered a committee of doctors and experts to review DOC's health care system. The committee filed an "Interim Medical Team Report" recommending that all DOC inmates receive at least one hour per day of large muscle exercise outside of their cells. Three months later, the DOC decreased the amount of yard time for those on close management ("CM") from four hours to two hours per week.

In 1992, the *Costello* court issued a notice of proposed *stipulated* final judgment which proposed closing the case based on findings that the DOC had a constitutionally adequate system of delivering physical and mental health care. The court ordered notification of the proposed judgment to class members and established a time for class members to file comments or objections. Diaz wrote Sheppard a letter "begging" him not to agree to the proposed final judgment because it did not provide for one hour of outdoor exercise per day; nor did it prevent CM inmates from being placed on the Yard Suspension List ("YSL"). Sheppard, however, did not contest the lack of outdoor exercise. After reviewing the objections during a hearing, the district court entered a final judgment closing the *Costello* case.

---

[1]Diaz is on close management ("CM"), that is, long term, single-cell confinement apart from the general population. He receives a maximum of two hours of outdoor exercise per week. CM inmates are often denied all outdoor exercise when placed on the Yard Suspension List (YSL). The amount of outdoor exercise was an issue in the *Costello* suit. Before the *Costello* suit was initiated, CM inmates were entitled to receive four hours of outdoor exercise per week.

In 1994, Diaz sued Sheppard in Florida state court alleging (1) legal malpractice, (2) negligence, and (3) breach of contract. Diaz claims that in agreeing to the stipulated final judgment upholding just two hours per week of CM out-of-cell exercise, Sheppard, in effect, negligently settled too cheaply. Diaz says Sheppard ignored (1) a "large body of case law" that requires prison administrators to provide all CM inmates with at least one hour of out-of-cell exercise per day: a mistake about the legal strength of the prisoners' claim and (2) the opinions in the *Costello* case of the district court's "own appointed medical experts:" a mistake about the evidentiary strength of the prisoners' claim.

Sheppard's motion to remove Diaz's case to federal court pursuant to 28 U.S.C. § 1441, on the ground that the district court had original jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, was granted. Sheppard then moved to dismiss Diaz's complaint under Rule 12(b)(6) for failure to state a claim. Diaz moved to remand the case to state court. The district court, stating that Diaz would have to establish the relief he seeks is required by the United States Constitution, denied the motion to remand. The district court then granted Sheppard's motion to dismiss on the ground that class counsel owes no duty to individual class members.

## *Discussion*

Sheppard claims that jurisdiction is proper in the district court because Diaz is attempting to relitigate matters determined in *Costello.* Sheppard claims that Diaz had the opportunity to object to the proposed final judgment in *Costello* and that the

malpractice action is just an untimely objection to the settlement in *Costello.*[2]  In addition, Sheppard says this case arises under federal law because resolution of Diaz's claims necessarily turns on the construction of federal law, that is, the Eighth Amendment to the United States Constitution.  *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8-10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).

Diaz says he is seeking not outdoor exercise or declaration of some constitutional right, but only money damages for Sheppard's malpractice.  Diaz contends that even if a court must, in deciding a case, interpret federal law, that fact does not necessarily mean the claim is sufficient to confer federal jurisdiction.     *See generally Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 813-14 & n. 11, 106 S.Ct. 3229, 3234-35 & n. 11, 92 L.Ed.2d 650 (1986).  Then Diaz stresses that, to the extent federal law is mentioned in his complaint, it is only to point out a way that Sheppard neglected his legal duty of care (an essential element of Diaz's state law malpractice claim):  to establish that the federal law at issue in *Costello*—exercise requirements under the Eighth Amendment—was settled, was favorable to prisoners like Diaz, and should have been known by Sheppard.

---

[2]Res judicata, collateral estoppel and estoppel defenses are affirmative defenses in both Florida and federal courts.  *See Palmer v. McCallion,* 645 So.2d 131, 133 (Fla.Dist.Ct.App.1994); *Troxler v. Owens-Illinois, Inc.,* 717 F.2d 530, 533 n. 2 (11th Cir.1983).  These potential defenses have no impact on the question of whether the action set out in the complaint arises from federal law for jurisdictional purposes.  *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 393-94, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (case may not be removed on the basis of a federal defense).

Diaz basically argues that no interpretation of federal law is necessary to adjudicate his state law claims: the fundamental legal standards are substantially undisputed. He says that, in the light of well-settled federal case law, Sheppard ignored the *Costello* court's appointed experts who recommended one hour of exercise per day. Briefly stated, Diaz charges that Sheppard unreasonably underestimated the strength of the prisoners' case and, as a result, stipulated to a judgment that was too unfavorable.

On a motion to remand, the removing party bears the burden of establishing jurisdiction. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996). The removal statute should be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). We look at the complaint. As a general rule, a case arises under federal law only if it is federal law that creates the cause of action. *See Franchise Tax Board*, 463 U.S. at 8-10, 103 S.Ct. at 2846. The case, however, may arise under federal law "if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13, 103 S.Ct. at 2848. But, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813, 106 S.Ct. at 3234. *See also Moore v. Chesapeake & Ohio Ry. Co.*, 291 U.S. 205, 212-15, 54 S.Ct. 402, 405-06, 78 L.Ed. 755 (1934) (that part of state statutory scheme requires some

analysis of federal law is insufficient to invoke federal jurisdiction).[3]

The district court erred in denying Diaz's motion to remand. The nature of Diaz's complaint is that Sheppard is guilty of malpractice, negligence and breach of contract under Florida law. (We do not hint that Diaz's claim has merit or even that he has stated a claim upon which relief can be granted under Florida law). No substantial question of federal law must be answered to determine plaintiff's claims, and federal jurisdiction is lacking. *See Ray v. Tennessee Valley Authority,* 677 F.2d 818, 825-26 (11th Cir.1982) (holding, pre-*Franchise Tax Board,* that district court had no federal jurisdiction to hear malpractice case arising from defendant attorney's representation, per appointment by court, of plaintiff in 42 U.S.C. § 1983 action).

Whether Sheppard in *Costello* misread or disregarded federal law in such an unreasonable way so as to constitute legal malpractice in Florida is ultimately a question of state law. In the complaint, the Eighth Amendment is mentioned only to support an

---

[3]The *Costello* litigation was a class action suit certified under Federal Rule of Civil Procedure 23. We note that the Federal Rules of Civil Procedure do not create an independent basis for federal subject matter jurisdiction. *See* Fed.R.Civ.P. 82. *See also Creswell v. Sullivan & Cromwell,* 922 F.2d 60, 70 (2nd Cir.1990) (Federal Rules do not create independent basis for federal question jurisdiction); *Pineville Real Estate Operation Corp. v. Michael,* 32 F.3d 88, 90 (4th Cir.1994) (same). Diaz does not allege that his lawyer's error was one of failing to comply with the mechanisms set out in Rule 23 or some other rule of federal procedure. *Cf. Zimmer Paper Products, Inc. v. Berger and Montague, P.C.,* 758 F.2d 86 (3d Cir.1985) (considering, without discussing basis for federal subject matter jurisdiction, whether class counsel breached duty, not by misunderstanding substantive issues about the merits, but by failing to follow procedures of Rule 23 in class action).

element of Diaz's state law claim. *Cf. Hill v. Marston,* 13 F.3d 1548, 1550 (11th Cir.1994) (complaint alleging violations by defendant lawyer of state securities registration statutes did not arise under federal law for purposes of federal question jurisdiction, even though elements of state law claim included alleged knowledge of, and failure to comply with, federal securities laws); *Berg v. Leason,* 32 F.3d 422, 426 (9th Cir.1994) (malicious prosecution action does not arise under federal law because one element requires proof that underlying federal action was legally untenable).

If the pertinent Eighth Amendment law was debatable, to decide whether Sheppard's understanding of the applicable law in *Costello* was within the *range of the reasonable* will require no precise determination of what the pertinent federal law was in reality; so no substantial question of federal law needs to be decided. If the pertinent Eighth Amendment law truly was clearly settled before the stipulated judgment was entered in *Costello,* no substantial question of federal law is presented: the question has already been answered. We have no doubt that a state court can, if need be, resolve matters of federal constitutional law to the point necessary to determine whether Sheppard's understanding of the law was unreasonable.

More important, because Diaz contends that Sheppard wrongfully ignored the opinion evidence of the court-appointed experts, the professional responsibility claims in the complaint do not hinge on the substance of the Eighth Amendment (whatever it may be exactly and about which there may be no controversy). Instead, they hinge

on his lawyer's alleged negligence in evaluating the prisoners' case and in basically agreeing to an inadequate settlement given all the circumstances in the *Costello* case—including the expert opinions supporting the need for more exercise and the status, in fact, of the law (uncertain or debatable or settled) at the time.[4] *See Hudson Ins. Co. v. American Elec. Corp.,* 957 F.2d 826, 829 (11th Cir.1992) (no federal jurisdiction in declaratory judgment action to determine insurer's liability because right to relief did not depend on resolution of CERCLA).

The district court lacked subject-matter jurisdiction over Diaz's complaint.[5] We vacate and remand to the district court with

---

[4]For a case describing a court's decree as more analogous to a settlement, see *Pettway v. American Cast Iron Pipe Co.,* 576 F.2d 1157, 1168-75 (5th Cir.1978). By the way, whether the stipulated final judgment in *Costello* is in the nature of a consent settlement or the *Costello* court's own judgment is not, itself, a substantial federal question that might give the district court jurisdiction. (No one has made this argument anyway.) The core allegation advanced in the pro se complaint is that Sheppard agreed to (or perhaps acquiesced in) the judgment because he negligently failed to evaluate properly and to pursue the prisoners' exercise claim. In either event, the cause of action arises from state law.

[5]We have read the dissent and personally would not be sorry if the law compelled the result Judge Logan advocates for this case. But, we think the cases he cites—none of which we contend reached the wrong result—are too different from this case to be of much help. Most important, none involve the removal from state court of a case in which a complaint for legal malpractice has been plead invoking state law. *See Laskey v. UAW,* 638 F.2d 954 (6th Cir.1981) (direct appeal by class of summary judgment granted to defendants in federal class action); *McNeil v. Guthrie,* 945 F.2d 1163 (10th Cir.1991) (mandamus action to require clerk of federal court to file pro se papers to enforce consent decree in federal class action); *Guthrie v. Evans,* 815 F.2d 626 (11th Cir.1987) (attempted pro se direct appeal by unnamed class member of settled federal class action); *Adams Extract Co. v. Pleasure Hours, Inc. (In re Corrugated Container Antitrust Litigation),* 643 F.2d 195 (5th Cir.1981) (direct appeal by objectors to settlements in federal class action). And we are unprepared to declare as a matter of law that counsel in a class

instructions to remand the case to state court.

VACATED and REMANDED.

LOGAN, Senior Circuit Judge, dissenting:

If I could view this as simply a case of a client suing his lawyer, a resident of the same state, for malpractice I would concur in the majority opinion. But the malpractice action here is by a member of a class certified under Federal Rule of Civil Procedure 23 in a federal court suit alleging unconstitutional prison conditions; the alleged malpractice is that class counsel did not secure more out-of-cell exercise time in negotiating a settlement approved by the district court.

Only one court has held that a Rule 23 class member can bring a malpractice action against class counsel. *Zimmer Paper Products, Inc. v. Berger and Montague, P.C.,* 758 F.2d 86 (3d Cir.), *cert. denied,* 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 227 (1985). That case involved an alleged negligent failure to give notice to a class member; the court denied relief after finding that counsel had complied with court orders. In dicta the D.C. Circuit has indicated that it might recognize such a claim, citing *Zimmer Paper Products. Peters v. National R.R. Passenger Corp.,* 966 F.2d 1483, 1487 n. 3 (Fed.Cir.1992). No case, however, has ever held class counsel liable for malpractice. *See* Susan B. Koniak, *Through the Looking Glass of Ethics and the Wrong with Rights We Find There,* 9 Geo.J.Legal Ethics 1, 14 (1995) (hereinafter Koniak).

---

action suit has no professional obligations except those set out by Rule 23. None of the cases cited to us has gone that far.

We do also stress that we do not today hold Mr. Sheppard liable for malpractice.

In contrast, *Laskey v. UAW,* 638 F.2d 954 (6th Cir.1981), rejected a legal malpractice claim against the UAW, which represented plaintiffs in a federal class action, in the following words:

> Since appellants had the opportunity to object to the legal representation at the prior settlement hearing and since a finding that the class was adequately represented is necessary for finding the settlement was fair and reasonable, which in turn was essential to approving the settlement, appellants are collaterally estopped from now asserting that the legal representation was not adequate and that the UAW committed legal malpractice.

*Id.* at 957 (citation omitted). In *McNeil v. Guthrie,* 945 F.2d 1163 (10th Cir.1991), the court held that a plaintiff prisoner dissatisfied with actions of class counsel has two options: to "seek to intervene in the class action" or to "file a collateral suit alleging that class counsel is not adequately representing the class." *Id.* at 1167. These were regarded as the only available remedies because of the potential for abuse of class counsel. "Class counsel is entitled to be free from harassment by class members." *Id.*

Although no Eleventh Circuit cases have involved a suit against class counsel, Eleventh Circuit precedent is consistent with *McNeil.* In fact, *McNeil* cited *Guthrie v. Evans,* 815 F.2d 626 (11th Cir.1987), in which a dissatisfied class member sought to appeal a district court's judgment in a prison conditions class action. The court ruled that the class member lacked standing, stating that "[t]he procedures for class actions are carefully set forth in Fed.R.Civ.P. 23." *Id.* at 628. It held the class member (who could not opt out of the class) had only two available avenues of relief: a motion to intervene or a collateral proceeding to

challenge the adequacy of the representation. Nonrecognition of a malpractice action against class counsel would also seem compelled by the following oft-cited comments of the Fifth Circuit, binding in the Eleventh Circuit, in *Adams Extract Co. v. Pleasure Hours, Inc. (In re Corrugated Container Antitrust Litigation),* 643 F.2d 195, 212 (5th Cir.1981):

> It is, ultimately, in the settlement terms that the class representatives' judgment and the adequacy of their representation is either vindicated or found wanting. If the terms themselves are fair, reasonable and adequate, the district court may fairly assume that they were negotiated by competent and adequate counsel; in such cases, whether another team of negotiators might have accomplished a better settlement is a matter equally comprised of conjecture and irrelevance.

Despite the general rule that federal rules of procedure do not create causes of action, clearly whether a class member may sue class counsel for malpractice arising out of a federal court-approved settlement is a federal question. The one court that has explicitly recognized the possibility of a malpractice suit against class counsel indicates that "the bounds of a class counsel's fiduciary duty with respect to notice are determined in large part by due process and Rule 23 requirements." *Zimmer Paper Products,* 758 F.2d at 91. One commentator who favors such an action states that "the class action court's responsibility under Federal Rule of Civil Procedure 23 to assess the adequacy of class counsel makes it unlikely that the court will use malpractice actions as a means of enforcing class counsels' obligations." Koniak at 15. In arguing for recognition that author indicates a malpractice action must be based upon an interpretation of the requirements of Rule 23. *Id.* Thus, if the courts are to recognize

the existence of a malpractice action on behalf of class members against class counsel, it must be grounded on federal law.  The federal courts administering Rule 23 class actions could not tolerate different views on recognition of such an action from different state courts.

Thus, I would hold that the complaint in the instant case is a claim derived from federal law and that the case was properly removed to federal court.  I would affirm the district court's dismissal of the action for the reason that we would not recognize a malpractice claim against class counsel.

For these reasons I respectfully dissent.