[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 06, 2006
THOMAS K. KAHN
CLERK

No. 06-11038
Non-Argument Calendar
_____

D. C. Docket No. 05-00147-CV-WCO-2

DARRELL P. HANSARD,
CHERIE L. HANSARD,

Plaintiffs-Counter
Defendants-Appellees,

versus

FORSYTH COUNTY, GA,

Defendant-Counter
Claimant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(July 6, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Forsyth County, Georgia, appeals the award of attorney's fees against it for improper removal of this action. The County argues that the removal was proper and, even if the removal was improper, the County had an objectively reasonable basis for removal. We affirm.

## I. BACKGROUND

Darrell P. and Cherie L. Hansard purchased a parcel of land in Forsyth County that contained a small cabin and a gravel driveway. The Hansards obtained permits to construct a new home on the parcel of land. The new home was to be built over part of the existing gravel driveway. After the Hansards began construction of their home, a dispute arose over whether the gravel driveway was a public road for which the County had a prescriptive easement. The dispute was not resolved, and on August 16, 2005, the County issued a "Stop Work" order to the Hansards that required them to cease all work on the house and property.

On September 12, 2005, the Hansards filed a complaint in state superior court that requested declaratory and injunctive relief under various sections of the Georgia Code. The court scheduled a hearing for September 30. On September 28, the County removed the action on the ground that a federal question had been

2

raised in the complaint, and the Hansards moved to remand. After a hearing on the motion to remand, the district court determined that the Hansards had not pleaded a federal claim for relief and remanded the case to state court with an award of attorney's fees to the Hansards because of the improper removal. The County moved for reconsideration, but the district court denied the motion. The County appealed the award of attorney's fees, but not the order to remand.

## II. STANDARD OF REVIEW

We review an award of attorney's fees by the district court for abuse of discretion. Legg v. Wyeth, 428 F.3d 1317, 1320 (11th Cir. 2005).

## III. DISCUSSION

The County makes two arguments on appeal. First, the County argues the district court abused its discretion when it awarded attorney's fees because removal was proper. Second, the County argues that, even if removal was not proper, the district court abused its discretion when it awarded attorney's fees because the County had an objectively reasonable basis for removal. We address each argument in turn.

### A. Removal Was Not Proper Because the Hansards Did Not Plead a Federal Claim.

Civil actions brought in a state court may be removed by the defendant if the action falls within the original jurisdiction of the federal courts. 28 U.S.C. §

3

1441(a). The district courts have original jurisdiction over all civil actions that arise under the Constitution or laws of the United States. 28 U.S.C. § 1331(a). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8-10, 103 S. Ct. 2841, 2846 (1983)).

Although we do not review remand orders, we consider the objective validity of the remand order to determine whether the award of attorney's fees was an abuse of discretion. Legg, 428 F.3d at 1320 (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)). An award of attorney's fees based on a legally erroneous remand order is an abuse of discretion. Id. The County argues that the remand order was erroneous because the Hansards pleaded a federal claim on the face of the complaint, which would give the district court subject matter jurisdiction and make removal proper. See 28 U.S.C. § 1441(a).

The County relies on the following language in the Hansards' complaint to establish that the Hansards pleaded a federal claim for relief: "Defendant's arbitrary and capricious acts have violated Plaintiffs' rights under . . . the United States Constitution, including U.S. Const. amend. V and amend. XIV, § 1, and have thereby caused Plaintiffs irreparable injury." This statement, by itself, does

4

not state a federal claim because the Constitution did not create the cause of action alleged. See Diaz, 85 F.3d at 1505. We must review the Hansards' complaint to determine what law, state or federal, created any of their claims for relief.

A review of the Hansards' complaint establishes that it was predicated upon state, not federal, laws. The Hansards asserted in count one of their complaint that they sought a declaratory judgment that the County had "no public roadway, easement or right of way on, through or over the Property, by prescription or otherwise." The legal question to be resolved in the complaint then was whether the County had a prescriptive easement over the Hansards' property, a question of state law. The Hansards requested declaratory relief under section 9-4-2(a) of the Georgia Code, not under any federal statutes. The complaint was brought under a state statute, and "'a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.'" Franchise Tax Bd., 463 U.S. at 13, 103 S. Ct. at 2848 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 116, 57 S. Ct. 96, 99 (1936)).

*B. The County Had No Objectively Reasonable Basis for Removal.*

A court may award attorneys' fees for a remand "only where the removing party lacked an objectively reasonable basis for seeking removal." See Martin v. Franklin Capital Corp., – U.S. –, 126 S. Ct. 704, 711 (2005). When it applies this

test, the court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." Id. We first determine whether the County had an objectively reasonable basis for removal and then consider whether the removal prolonged the litigation or imposed costs on the Hansards.

The County erroneously argues that the complaint raised a potential Fifth Amendment "takings" claim and a Fourteenth Amendment "substantive due process" claim, and these allegations provided the County with an objectively reasonable basis for assuming the presence of a federal claim. Even if we assume, for the sake of argument, that the allegations of the complaint potentially could serve as a basis for bringing Fifth and Fourteenth Amendment claims, the "'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Diaz, 85 F.3d at 1505. We have recognized that a case that alleges a state law claim may arise under federal law "'if a well-pleaded complaint establishes that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties,'" id. (quoting Franchise Tax Bd., 463 U.S. at 13, 103 S. Ct. at 2848), but if the state law question must be resolved before the federal question can be reached, "[t]he most that one can say is that a question of federal law is lurking in the background." Franchise

6

Tax Bd., 463 U.S. at 11-12, 103 S. Ct. at 2847 (quoting Gully, 299 U.S. at 116, 57 S. Ct. at 99). Because the complaint, on its face, did not plead a federal claim and resolution of the state law claims does not necessarily require resolution of any federal issues, the County did not have an objectively reasonable basis for removal.

After it concluded that the County had no objectively reasonable basis for removal, the district court considered the delays and costs imposed by the removal. The district court noted that the removal occurred two days before the scheduled hearing on the Hansards' preliminary injunction motion and prevented the hearing. The removal delayed resolution of the case for over two months and, therefore, delayed construction of the Hansards' home for over two months. In this circumstance, we cannot say the district court abused its discretion in awarding attorneys' fees to the Hansards.

## IV. CONCLUSION

The award of attorney's fees by the district court is

**AFFIRMED.**