**MIAMI BEACH COSMETIC AND PLASTIC SURGERY CENTER, a Florida corporation, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., a Florida corporation, Defendant.**

**Case No. 13–20180–CIV.**

United States District Court, S.D. Florida.

May 30, 2013.

Bradley Seldin, The Seldin Law Firm, Miami Beach, FL, for Plaintiff.

Daniel Alter, Gray–Robinson, PA, Fort Lauderdale, FL, for Defendant.

**1378**

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (D.E. 13)

**JOAN A. LENARD**, District Judge.

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand (D.E. 13), filed on February 8, 2013. Defendant filed its response in opposition (D.E. 18) on February 22, 2013, to which Plaintiff filed its Reply (D.E. 23) on March 1, 2013. Having reviewed the Motion, Response, Reply, and the record, the Court finds as follows.

### I. Background

Plaintiff Miami Beach Cosmetic and Plastic Surgery Center ("Miami Beach Cosmetic" or "MBCPSC"), a provider of medical and surgical services, filed the instant action against Defendant Blue Cross Blue Shield of Florida ("Blue Cross" or "BCBSF") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida on December 7, 2012. (*See* Compl., D.E. 1–2, at CM/ECF pp. 5–11.) Miami Beach Cosmetic contends that Blue Cross failed to pay owed payments for medical services, which are due under oral contracts between Miami Beach Cosmetic and Blue Cross.[1] (*Id.* ¶¶ 5, 11.) Miami Beach Cosmetic asserts that when it "obtains pre authorization of medical care to be rendered, a verbal contract is formed because MBCPSC would not render the medical care to BCBSF's membership without the express authorization to provide and pay for the services by BCBSF." (*Id.* ¶ 5.) Miami Beach Cosmetic further asserts that it provided medical care to patients who had health insurance with Blue Cross, that its charges for the medical care "were the usual and customary provider charges for similar services in the community where services were provided," and that Blue Cross "arbitrarily reduced the amount of MBCPSC claims and breached the contract by failing to make the proper payments." (*Id.* ¶¶ 7–9, 11.) Miami Beach Cosmetic seeks damages for the amount of medical bills that Blue Cross failed to pay. (*See id.* ¶ 12.)

On January 17, 2013, Defendant removed the case to this Court, claiming that the state law claim for breach of contract is actually based on federal law because the claim implicates benefits under health plans governed by the Employee Retirement Income Security Act ("ERISA"). (*See* Notice of Removal, D.E. 1, ¶¶ 15–16.) Defendant asserts that of the thirty-four subscribers whose claims form the basis for this action, four were allegedly covered through an ERISA health plan. (*See id.* ¶ 14; *see also* Declaration of Sheri Deen, D.E. 3–1, ¶¶ 4–8.)[2] Defendant also argues that any claim for benefits arising under any non-ERISA plan is properly before the Court under its supplemental jurisdiction. (*Id.* ¶ 17.)

Plaintiff moves to remand this action to state court, arguing that this Court "lacks subject matter jurisdiction over this action" because Miami Beach Cosmetic's claims are "simple state law claims sounding in breach of contract." (Motion to Remand, D.E. 13, at 1.) Plaintiff contends that its claims do not implicate ERISA for

---

1. Plaintiff also states, "Pursuant to the terms of the MBCPSC verbal contracts with BCBSF, each BCBSF PPO contract, and the incorporated covenant of good faith and fair dealing a part of every Florida contract, the Defendant was required to pay the agreed upon amounts of the Plaintiff's reasonable charges for medical care rendered to BCBSF's membership. MBCPSC is a third party beneficiary of the PPO contracts." (Compl.¶ 10.)

2. Defendant filed the Declaration of Sheri Deen and supporting documents with its Notice of Removal, (*see* D.E. 3), and Defendant filed a second Declaration of Sheri Deen to supplement the original declaration six days later (*see* D.E. 5–1).

the following reasons: (1) as a healthcare facility, whose claims are not based on an assignment of a member's contract, Miami Beach Cosmetic does not have standing to bring an ERISA claim; (2) the issue in this case is the rate of payment, rather than the right to payment; and (3) Miami Beach Cosmetic's unwritten provider contact with Blue Cross and Miami Beach Cosmetic's status as a third party beneficiary together constitute a legal duty independent of ERISA. (*See id.* at 5–10.) Plaintiff also argues that even if the Court finds that subject matter jurisdiction exists, the Court should decline to exercise supplemental jurisdiction over the claims that are based solely on state law. (*See id.* at 10–11.) Finally, Plaintiff requests an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). (*See id.* at 11.)

In its Response, Defendant argues that because it "has identified several instances—though only one is required for subject matter jurisdiction to vest—where (a) Miami Beach Cosmetic is seeking relief for services rendered to a member of one of the Defendant's health plans; (b) Miami Beach Cosmetic represented that it has assignments of benefits from the member for those services; (c) the member's plan is governed by ERISA; and (d) a coverage determination was made and nothing was paid on the member's claim[,] ... subject matter jurisdiction exists under the complete preemption doctrine, and Miami Beach Cosmetic's Motion for Remand should be denied." (Response, D.E. 18, at 3.) Defendant also asserts that because Blue Cross "determined there were no benefits payable at all on at least four of the claims encompassed in this action," the Complaint contains "claims [that] include a contest over the right to payment." (*Id.* at 9.)

In its Reply, Plaintiff asserts that "[t]he only claims in this matter are the claims for underpayment." (Reply, D.E. 23, at 3.)

Plaintiff further asserts that the spreadsheet attached to its Complaint, which shows four claims where Plaintiff received no payment from Defendant, "does not mean that there was a denial of a claim," and instead could mean that "[t]he claim's allowed amount [was] less than the patient's co-pay, ... subsumed under the patient's deductible, or ... was a result of down coding or bundling." (*Id.* at 3–4.) Plaintiff argues that because "[t]here is no affidavit, or other record evidence, identifying claims at issue in the case which were 'denied' or 'denied based on medical necessity,'" Defendant has failed to meet its burden of establishing federal jurisdiction. (*Id.* at 4.)

## II. Legal Standards

A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). On a motion for remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368 (11th Cir.1998). Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists when a plaintiff's cause of action "arises under" federal law. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (citing *Louisville & Nashville R.R.*

*v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908)). " 'As a general rule, a case arises under federal law only if it is federal law that creates the cause of action.' " *Id.* (quoting *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996)). "Complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Id.* (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

 A district court considering whether removal is proper "has before it only the limited universe of evidence available when the motion to remand is filed— i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1214 (11th Cir.2007). If that evidence is insufficient to establish removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214–15. However, " 'the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction.' " *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 773 (11th Cir.2010)(quoting *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir.2000)). " '[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.' " *Id.* (quoting *Sierminski,* 216 F.3d at 949).

 "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

## III. Discussion

 Blue Cross contends that Miami Beach Cosmetic's state law claims are completely preempted by ERISA because the claims seek enforcement of rights under ERISA plans. Complete preemption under ERISA "is a judicially-recognized exception to the well-pleaded complaint rule" and derives from ERISA's civil enforcement provision, Section 502(a), "which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Connecticut State Dental,* 591 F.3d at 1344 (quoting *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). "Section 502(a) of ERISA creates a civil cause of action for participants and beneficiaries of ERISA plans to recover benefits or enforce rights under an ERISA plan." *Borrero v. United Healthcare of New York, Inc.,* 610 F.3d 1296, 1301 (11th Cir.2010)(citing 29 U.S.C. § 1132(a)). "This section definitively 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " *Id.* (quoting *Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004)). "Consequently, any 'cause of action within the scope of the civil enforcement provisions of § 502(a) is removable to federal court.' " *Connecticut State Dental,* 591 F.3d at 1344 (quoting *Metro. Life Ins.,* 481 U.S. at 66, 107 S.Ct. 1542).

■ "The Supreme Court set out a two-part test for complete preemption under ERISA's remedies provision in *Davila.*" *Id.* "A state law claim is completely preempted by ERISA, and therefore removable to federal court, if two conditions are met: the claimant must have been able to, at some point in time, bring his claim under ERISA § 502(a)(1)(B),[3] and there must be 'no other independent legal duty that is implicated by a defendant's actions.'" *Id.* (quoting *Davila,* 542 U.S. at 210, 124 S.Ct. 2488). If the plaintiff pleads a claim "based on coverage determinations under ERISA plans …, the legal duty implicated is dependent upon an ERISA plan." *Borrero,* 610 F.3d at 1304. In other words, "claims involving only the amount owed based on the rate of payment might not implicate ERISA, but … claims that challenge[ ] coverage determinations under ERISA plans clearly implicate[ ] ERISA." *Id.* (citing *Connecticut State Dental,* 591 F.3d at 1353). The Eleventh Circuit has distinguished between these "rate of payment" claims and "right to payment" claims as follows:

> In *Connecticut State Dental,* we discussed two types of claims that can be made by providers against insurers: those challenging the "rate of payment" pursuant to the provider-insurer agreement, and those challenging the "right to payment" under the terms of an ERISA beneficiary's plan. 591 F.3d at 1349–50; *see also Lone Star OB/GYN Assocs. v. Aetna Health, Inc.,* 579 F.3d 525, 530 (5th Cir.2009); *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan,* 388 F.3d 393, 402–03 (3d Cir.2004). We indicated that a "rate of payment" challenge does not necessarily implicate an ERISA plan,

but a challenge to the "right to payment" under an ERISA plan does. *Connecticut State Dental,* 591 F.3d at 1350–51. We then examined the dentists' complaint and concluded that it challenged both the rate of payment and the right to payment under the ERISA plan because it alleged that the administrator both paid them the wrong rate and denied payment altogether for "medically necessary" services, a coverage determination defined by the beneficiary's ERISA plan. *Id.*

> . . .

> In *Connecticut State Dental,* we concluded that certain claims in the dentists' complaints were not predicated on a legal duty independent of ERISA. *Connecticut State Dental,* 591 F.3d at 1353. We reasoned that claims involving only the amount owed based on the rate of payment might not implicate ERISA, but the claims that challenged coverage determinations under ERISA plans clearly implicated ERISA. *Id.* We held that subject matter jurisdiction existed over all of the claims in the complaint because jurisdiction existed over the completely preempted claims and those joined with them. *Id.*

*Id.* at 1302, 1304.

■ Here, the Court finds that Miami Beach Cosmetic's claims challenge the rate of payment pursuant to their verbal agreements with Blue Cross and do not challenge the right of payment under the terms of an ERISA beneficiary's plan. Miami Beach Cosmetic alleges that it entered into verbal contracts with Blue Cross whereby the parties agreed that Miami Beach Cosmetic would provide services to certain patients in Blue Cross's membership in return for a predetermined

---

**3.** Section 502(a)(1)(B) of ERISA states, "A civil action may be brought … by a participant or beneficiary … to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

payment by Blue Cross. (Compl.¶¶ 5, 6.) Miami Beach Cosmetic asserts that it provided the authorized medical care to Blue Cross members (*id.* ¶ 7), but that Blue Cross "arbitrarily reduced the amount of MBCPSC claim[s] and breached the contract by failing to make the proper payments" (*id.* ¶ 11). Miami Beach Cosmetic attached to its Complaint a spreadsheet entitled "Miami Beach Cosmetic and Plastic Surgery Center Blue Cross Blue Shield of Florida Claims." (*See id.* Ex. A.) Miami Beach Cosmetic states that the spreadsheet shows the list of Blue Cross members to whom it provided authorized medical treatment and that the spreadsheet shows its charges for that treatment. (*See id.* ¶¶ 6–8.) For example, the first three lines of the spreadsheet are as follows:

| Patient | Patient I.D. | # D.O.S. | Total Charges | Paid/Allowed | Balance Due |
|---------|--------------|----------|---------------|--------------|-------------|
| J.L. | FZUH22759219 | 3/23/2011 | $19,250.00 | $ 3,234.00 | $14,630.00 |
| L.K. | XJBH58147877 | 2/4/2011 | $12,750.00 | $0.00 | $ 9,690.00 |
| R.K. | XJWH66185128 | 12/28/2010 | $53,900.00 | $12,936.00 | $40,964.00 |

(*Id.* at Ex. A.) Defendant argues that four out of the thirty-four patients on the spreadsheet, including patient L.K. listed above, were covered through an ERISA health plan (Notice of Removal ¶ 14; *see also* Declaration of Sheri Deen, D.E. 3–1, ¶¶ 4–8), and that because the "Paid/Allowed" column shows "$0.00" for patient L.K., "a coverage determination was made and nothing was paid on the member's claim" (Response 3). However, aside from Defendant's bald assertions in its pleadings about the meaning of "$0.00" in the Paid/Allowed column for patient L.K. and three other patients on the spreadsheet, there is nothing in the record that shows that the "$0.00" means that Blue Cross denied the claim. For example, Blue Cross did not cite to any records showing that it denied claims for patient L.K. or any of the other patients listed on the spreadsheet. Furthermore, Sheri Deen's Declarations do not contain any explanation as to the meaning of the "$0.00" in the Paid/Allowed column for patient L.K. and three other patients on the spreadsheet, nor do the Declarations contain any assertions that Blue Cross denied claims for these patients. (*See* Declaration of Sheri Deen, D.E. 3–1; Supplemental Declaration of Sheri Deen, D.E. 5–1.) Because there is no affidavit, declaration, or other record evidence identifying claims at issue in the case which were denied by Blue Cross, the Court finds that Miami Beach Cosmetic is asserting a "rate of payment" claim under its verbal contracts with Blue Cross, rather than a "right to payment" claim under the terms of an ERISA beneficiary's plan. Accordingly, the Court finds that Defendant has failed to meet its burden of showing that Plaintiff's state law claim is completely preempted by ERISA and has thus failed to show that this Court has jurisdiction over this action.

Finally, Plaintiff requests an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). (Motion 11.) Given that any cause of action within the scope of the civil enforcement provisions of ERISA Section 502(a) is removable to federal court, *Connecticut State Dental,* 591 F.3d at 1344, and that four of the subscribers whose claims form the basis for this action appear to have been covered through an ERISA health plan (*see* Notice of Removal, D.E. 1, ¶ 14; *see also* Declaration of Sheri Deen, D.E. 3–1, ¶¶ 4–8), the Court finds that Defendant had an "objectively reasonable basis for seeking removal," *Martin,* 546 U.S. at 141, 126 S.Ct. 704. Accordingly, Plaintiff's request for attorney's fees is denied.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, Plaintiff's Motion to Remand (D.E. 13), filed on February 8, 2013, is **GRANTED;**

2. This case is **REMANDED** for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court for the Eleventh Judicial Circuit in and for Miami–Dade County, Florida. The Clerk is directed to take all necessary steps and procedures to effect remand of the above-captioned action;

3. All other pending motions are **DENIED AS MOOT;**

4. This case is now **CLOSED.**