IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

COREY GROOMS, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:19cv597-MHT 
 ) (WO) 
ASPLUNDH TREE EXPERT, LLC, ) 
and CHRISTOPHER RAILEY, ) 
 ) 
 Defendants. ) 

 ORDER 
 Plaintiff filed this lawsuit in an Alabama state 
court, asserting against defendants a state claim of 
fraudulent concealment based on his former employer’s 
termination of his employment without first telling 
him. In the complaint, plaintiff contends that, had he 
known that he had been terminated and had as a result 
lost his health insurance coverage, he would not have 
undertaken a risky activity that ended with injuries 
and attendant medical bills. Defendants removed the 
case to this federal court, arguing that plaintiff's 
claim is completely preempted by the Employee 
Retirement Income Security Act of 1974 (“ERISA”), 29 
U.S.C. §§ 1001-1462, so that this court has 

subject-matter jurisdiction over the case. The case is 
before the court on plaintiff’s motion to remand the 
case to state court. Upon consideration of motion, the 
court concludes that the motion should be granted. 

 On a motion to remand, the party that sought 
removal has the burden of establishing federal 
jurisdiction, and all doubts about removal should be 

resolved in favor of remand. See Diaz v. Sheppard, 85 
F.3d 1502, 1505 (11th Cir. 1996). 
 Defendants contend that plaintiff’s fraudulent 
concealment claim is completely preempted by ERISA. To 

show that a claim is completely preempted by ERISA, the 
removing party must meet both parts of the following 
test: (a) that the plaintiff “could have brought his 
claim under ERISA § 502(a)(1)(B),” and (b) that “no 

other independent legal duty ... is implicated by a 
defendant’s actions.” See Connecticut State Dental 

 2 
Ass’n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1345 
(11th Cir. 2009) (quoting Aetna Health Inc. v. Davila, 

542 U.S. 200, 210 (2004). ERISA § 502(a)(1)(B) 
authorizes a participant or beneficiary of an employee 
insurance plan to bring a civil action “to recover 
benefits due to him under the terms of his plan, to 

enforce his rights under the terms of the plan, or to 
clarify his rights to future benefits under the terms 
of the plan.” 29 U.S.C. § 1132(a)(1)(B). 

 Plaintiff’s claim is that the defendants 
fraudulently concealed that they had terminated him 
immediately prior to a weekend during which he went 
riding on a four-wheeler and had an accident, which 

resulted in his incurring medical bills with no health 
insurance to assist in paying them. He contends that, 
had he known that the defendant had terminated him and 
accordingly that he was no longer covered by health 

insurance, he would not have gone out riding the 

 3 
four-wheeler. He seeks compensatory damages, including 
for mental anguish, as well as punitive damages. 

 Defendants contend that plaintiff could have 
brought his claim under ERISA § 502(a)(1)(B) because 
his claim is akin to a claim under § 510 of ERISA, 
which makes it “unlawful for any person to discharge 

... a participant or beneficiary ... for the purpose of 
interfering with the attainment of any right to which 
such participant may become entitled under the plan.” 

29 U.S.C. § 1140. They also argue that what plaintiff 
really seeks is health insurance benefits and that 
Alabama law forecloses plaintiff’s fraudulent 
concealment claim. 

 Defendants have failed to meet their burden of 
showing that plaintiff could have brought his claim 
under ERISA § 502(a)(1)(B). The complaint does not 
contend that defendants terminated him “for exercising 

any right to which he is entitled under the provisions 
of an employee benefit plan, ... or for the purpose of 

 4 
interfering” with his obtaining plan benefits. 29 
U.S.C. § 1140. Thus, plaintiff’s claim is not akin to 

a claim for wrongful termination under ERISA. The 
complaint also does not appear to seek health insurance 
benefits. Plaintiff does not contend that he was 
covered by insurance on the day of the accident, or 

that under the proper interpretation of the policy, he 
would have been covered by insurance, or that he should 
receive benefits that were wrongly denied. On the 

contrary, plaintiff acknowledges that he was not 
covered by insurance on the day of the accident. 
Instead, the gravamen of his complaint is that, had he 
known he was not covered, he would not have taken the 

unnecessary risk of going four-wheeling and would not 
have gotten into an accident at all. Accordingly, 
defendants have not met the burden of showing that 
plaintiff could have brought his claims under ERISA 

§ 502(a)(1)(B). See Connecticut State Dental Ass’n, 
591 F.3d at 1345. As defendants have not met this 

 5 
burden, the court need not address whether an 
independent legal duty was implicated by defendants’ 

actions. See id. 
 *** 
 Accordingly, it is the ORDER, JUDGMENT, and DECREE 
of the court that plaintiff’s motion to remand (doc. 

no. 4) is granted and that, pursuant to 28 U.S.C. 
§ 1447(c), this cause is remanded to the Circuit Court 
of Bullock County, Alabama, for want of subject-matter 

jurisdiction. 
 All other motions are left for resolution by the 
state court after remand. 
 The clerk of the court is DIRECTED to take 

appropriate steps to effect the remand. 
 This case is closed in this court. 
 DONE, this the 22nd day of April, 2020. 
 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

 6