[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11363

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

versus

ALSTON & BIRD LLP,
PHILIP AARON SANDICK,
WILLIAM CLAY MASSEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-05143-WMR

_____

Before JILL PRYOR, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal without prejudice, following its adoption of the magistrate judge's report and recommendation (R&R), of his civil complaint alleging various violations of Georgia law, including breach of fiduciary duties under the Federal Rules of Civil Procedure and the local rules for the Northern District of Georgia. The district court also denied Daker leave to amend his complaint on futility grounds, as well as his post-judgment motion "to vacate" its dismissal of his complaint under Rule 59(e) of the Federal Rules of Civil Procedure. Daker has not filed his initial brief, but he has moved for appointment of counsel and for summary reversal, arguing his appeal involves the complex issues of whether the district court erred in dismissing his complaint for lack of jurisdiction, in part, on the basis of judicially-noticed facts from a previously dismissed complaint in a different case, which is still pending following a remand from this Court.[1]

The appellees, a law firm and two attorneys who successfully withdrew from representing Daker in a prior lawsuit, have responded by moving for summary affirmance of the district court's order of dismissal, denial of Daker's motion to appoint

---

[1] *See Daker v. Redfin Corp. Inc.*, No. 20-13598, 2021 WL 5235102 (11th Cir. Nov. 10, 2021) (unpublished).

counsel, and a stay of the briefing schedule. As to appointment of counsel, they argue Daker is an experienced litigant, the only issue before us is the easily resolved question of whether subject matter jurisdiction existed, and we have rejected Daker's arguments in this respect in other appeals. As to summary affirmance, they argue his appeal is frivolous because he only raised state-law claims before the district court, the claims he based on alleged breaches of fiduciary duties under procedural rules could not independently confer federal-question jurisdiction on that court, and, as a result, the court correctly found that diversity jurisdiction was lacking.

Daker responds the appellees' position is not clearly right as a matter of law because the district court relied on judicially-noticed facts from another decision in dismissing his complaint, and his appeal in that case is still pending. Last, he asserts that a motion the appellees brought before the district court to deposit electronic media is an implicit admission that the court had jurisdiction over his case.

For ease of reference, we will address the questions of appointment of counsel and summary disposition of Daker's appeal in turn.

## I. APPOINTMENT OF COUNSEL

Appointment of counsel in a civil case is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193

(11th Cir. 1993) (quotation marks and alteration omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Id.* We have found the following factors relevant in determining whether "exceptional circumstances" exist: (1) the type and complexity of the case, (2) whether the indigent litigant is capable of adequately presenting his case, (3) whether the indigent litigant is in a position to adequately investigate the case, and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (adopting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Appointment of counsel is not warranted because Daker does not need help presenting the essential merits of his case. *See Kilgo*, 983 F.2d at 193. He has submitted various well-organized filings before the district court and on appeal, demonstrating he could continue to do so without the aid of counsel. *See id.* The case is relatively straightforward, as it terminated in a dismissal for lack of jurisdiction, and the district court did not proceed to the merits. *See Fowler*, 899 F.2d at 1096. Additionally, as a serial litigant, Daker has demonstrated he can perform legal research and advocate on his own behalf in federal court. Thus, the relevant factors weigh against appointment of counsel. *See id.* The issues he argues are implicated in his appeal all lack merit—or have been rendered moot—in light of the district court's lack of subject matter jurisdiction. Consequently, even if appointment were

21-11363              Opinion of the Court                    5

warranted, counsel could not remedy the deficiencies in his appeal, and we thus DENY his motion for appointment of counsel.

## II.  SUMMARY DISPOSITION

The plaintiff has the burden of establishing federal subject matter jurisdiction.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  A district court must have jurisdiction under at least one of the three types of subject matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *PTA-FL, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016).  A court must dismiss the plaintiff's complaint if it determines that jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).

Section 1331 provides district courts with subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim arises under federal law when the face of the complaint presents a federal question.  *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004).  However, a district court "may dismiss a federal question claim for lack of subject matter jurisdiction only if (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous."  *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (internal quotation marks and emphasis omitted).

District courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and defendants. *Sweet Pea Marine*, 411 F.3d at 1247. The party invoking diversity jurisdiction must allege the citizenships of the parties as of the time suit is filed in federal court. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). To establish diversity for a natural person, the complaint must allege citizenship or domicile, not merely residence. *Id.* at 1268–69. Domicile requires residence in a state and an intention to remain in that state indefinitely. *Id.* A prisoner retains the domicile he had prior to incarceration. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Moreover, "courts generally give little weight to a party's profession of domicile" because "these declarations are often self-serving." *Travaglio*, 735 F.3d at 1270 (quotation marks omitted).

After review,[2] we conclude summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162

---

[2] "We review *de novo* the legal conclusions upon which a district court dismisses a complaint for lack of subject matter jurisdiction." *Tufts v. Hay*, 977 F.3d 1204, 1208, 1210 (11th Cir. 2020). Where a district court makes jurisdictional findings of fact regarding the citizenship of the parties, we review those findings for clear error. *Travaglio*, 735 F.3d at 1269. We review the denial of a Rule 59(e) motion for consideration for abuse of discretion. *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1285 (11th Cir. 2001).

(5th Cir. 1969)[3] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). First, as to diversity jurisdiction, Daker's argument the district court did not follow the proper procedure under Federal Rule of Evidence 201 lacks merit, to the extent he asserts that he did not have an opportunity to be heard. *See* Fed. R. Evid. 201(e) (providing, upon timely request, a party is entitled an opportunity to be heard as to the propriety of taking judicial notice). Specifically, we have held Rule 201 does not require a *prior* opportunity to be heard, and the district court heard and rejected Daker's challenge to its judicially-noticed facts when it denied his post-judgment motion to vacate. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied*, 141 S. Ct. 309 (2020) (explaining Rule 201 does not require courts to warn parties before taking judicial notice of some fact; it only requires an opportunity to be heard after the court takes notice).

Even if the district court erred in taking judicial notice of facts from *Redfin*, any such error was harmless in light of Daker's failure to challenge the magistrate judge's recommended findings of fact supporting a conclusion that he was a Georgia citizen, which

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

the district court implicitly incorporated into its order by adopting the R&R. *See Equal Emp't Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322–23 (11th Cir. 2019) (stating we will not reverse if the error was harmless). Those findings included the facts that, as of 2010, Daker had lived in Georgia since before 1990, he had worked at his family's business in Georgia for five years since his release following a prior conviction, and he would return to his home in Georgia if released on bond. Daker did not challenge any of the foregoing when he objected to the R&R and has thus waived any claim in that respect. *See* 11th Cir. R. 3-1 (providing a party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions, if the party was informed of the time period for objecting and the consequences on appeal for failing to object).

To the extent Daker intends to challenge on appeal the district court's finding that federal-question jurisdiction was lacking because he alleged a breach of fiduciary duties under the Federal Rules of Civil Procedure, any such challenge would lack merit as a matter of law. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 n.3 (11th Cir. 1996) ("[T]he Federal Rules of Civil Procedure do not create an independent basis for federal subject matter jurisdiction."). Further, Daker's contention the appellees' motion to deposit electronic media with the district court was a "concession" of

jurisdiction lacks merit, because parties cannot confer subject matter jurisdiction on a court. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1324 (11th Cir.), *cert. denied*, 142 S. Ct. 239 (2021) (stating subject matter jurisdiction cannot be waived or conferred by the parties).

Additionally, to the extent Daker intends to challenge, on appeal, the district court's denial of leave to amend his complaint on grounds of futility, even assuming the right to amend extends to dismissals for lack of subject matter jurisdiction, any such argument would lack merit. Specifically, amendment could not cure the lack of subject matter jurisdiction, in light of his failure to add any counts raising federal causes of action, or to challenge the magistrate judge's findings of fact indicating that he was a Georgia citizen. *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731 (2020) (explaining a district court need not allow amendment where amendment would be futile, and an amendment would be futile if "the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant" (quotation marks omitted)).

Finally, to the extent Daker wishes to challenge the district court's denial of his Rule 59(e) "motion to vacate," any such challenge would lack merit because that motion reiterated his prior arguments, but it did not raise new evidence or allege a manifest error of law or fact. *See PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (stating a court may

only grant a Rule 59(e) motion on the basis of newly discovered evidence or manifest errors of law or fact, and parties may not use such motions to "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment").

In light of all the foregoing, no substantial question remains as to the outcome of the case, and summary affirmance is appropriate. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Therefore, we GRANT the appellees' motion for summary affirmance, DENY Daker's motion for summary reversal, and DENY as moot the appellees' motion to stay the briefing schedule.